UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE NORTHWEST IRONWORKERS HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br> v. <br><br> PETERSON REBAR PLACEMENT, LLC, <br><br> Defendant. | CASE NO. 2:22-cv-01541-TL <br><br> ORDER ON EX PARTE MOTION TO COMPEL PRODUCTION |

This matter comes before the Court on Plaintiffs' motion for an order authorizing the release of information from the Washington State Employment Security Department ("ESD") (Dkt. No. 14). Having reviewed the motion, the supporting declaration (Dkt. No. 15), and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Plaintiffs, the Boards of Trustees of joint labor-management trust funds governed by the Employee Retirement Income Security Act of 1974, filed a complaint alleging that Defendant, Peterson Rebar Placement LLC, failed to make employee benefit contributions to the funds

despite its obligation to do so under various labor agreements. *See* Dkt. No. 1. These agreements require Defendant to make contributions to the Trusts on behalf of covered employees. *Id*. at 3. Defendant failed to answer or otherwise respond to the Complaint.

Default was entered against Defendant by the Clerk of the Court on January 13, 2023. Dkt. No. 9. The Court set a deadline for Plaintiffs to move for default judgment or seek other relief by May 1. Dkt. No. 13. On March 22, Plaintiffs moved to compel production of certain employment records from ESD. Dkt. No. 14.

In order to file a motion for default judgment, Plaintiffs require payroll information to calculate amounts owing; however, Defendant has failed to provide that information, even after Plaintiffs served a Subpoena Duces Tecum on January 26. Dkt. No. 14 at 2. Accordingly, Plaintiffs seek personnel information from ESD to assist them in determining the amounts due. *Id*. Specifically, Plaintiffs seek "records in the possession of [ESD] regarding employees of Peterson Rebar Placement, LLC for July 2022 through current." Dkt. No. 18 at 4. Such records are ordinarily private and confidential, RCW 50.13.020, but they "shall be available" to parties in judicial proceedings "upon a written finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records," RCW 50.13.070. Plaintiffs ask the Court to make this finding. *See* Dkt. No. 14.

The Court finds that the need for the information Plaintiffs seek from the ESD outweighs any reasons for the privacy and confidentiality of that information. *See* RCW 50.13.070. The information that Plaintiffs seek is necessary in this action, and Plaintiffs assure the Court that "these records will be reviewed and maintained in confidence by the Trust Administration Office and no information, not otherwise necessary to establish the plaintiffs' claim, will be disclosed to any parties." Dkt. No. 14 at 3.

Accordingly, it is hereby ORDERED:

(1) The Court GRANTS Plaintiffs' motion (Dkt. No. 14) and AUTHORIZES the issuance of the proposed subpoena (Dkt. No. 18).

(2) Plaintiffs are DIRECTED to attach a copy of this Order to the subpoena when served.

(3) Plaintiffs' deadline to file a motion for default judgment or seek other relief is EXTENDED to **sixty (60) days** from the date of this Order. Absent such action, the Court may dismiss this case for failure to prosecute.

Dated this 18th day of April 2023.

Tana Lin
United States District Judge